UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS ALFONSO GONZALEZ<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER<br><br>Respondent. | No. 1:26-cv-05404-DJC-CKD<br><br><u>RELEASE ORDER</u><br><br>A# 099-943-504 |

Petitioner Juan Carlos Alfonso Gonzalez is a noncitizen detainee proceeding under a Petition for Writ of Habeas Corpus. (Pet. (ECF No. 1).) Since the Government has not shown that Petitioner's re-detention is lawful under 8 C.F.R. § 241.13, this Court grants the Petition and orders Petitioner's release from custody.

**BACKGROUND**

Petitioner, a noncitizen originally from Cuba, is currently in the custody of Immigration and Customs Enforcement ("ICE"). (Pet. ¶ 4.) Petitioner was a Lawful Permanent Resident but lost the status due to a criminal conviction in 2017. (*Id.* at ¶¶ 7–8.) Petitioner states that "[f]ollowing his criminal sentence, Petitioner was released by ICE under an Order of Supervision (OSUP)" and that he "remained fully compliant with all conditions of supervision for years, never missed a check-in, and

never absconded." (*Id.* at ¶ 8.) Nonetheless, he states, "[o]n September 3, 2025, without prior notice or warning, ICE officers re-detained Petitioner during a routine supervision check-in" and destroyed his documentation. (*Id.* at ¶ 9.) Petitioner also states that on September 17, 2025, Respondents transported him to the San Ysidro Port of Entry and attempted to remove him to Mexico; Mexico refused to accept him. (*Id.* at ¶ 10.) Since then, Respondents have presented Petitioner with notice of their attempts to remove him to Mexico, which he has declined to sign. (*Id.* at ¶ 11.)

Petitioner filed a pro se habeas petition in Florida district court on January 30, 2026, which was dismissed without prejudice as the court found that Petitioner's claim was not ripe. *Gonzalez v. Warden, Baker Cnty. Det. Ctr.,* No. 3:26-cv-00183-JEP-SJH, 2026 WL 730332, at *2 (M.D. Fla. Mar. 16, 2026). Petitioner filed a second Petition for Writ of Habeas Corpus in the Middle District of Florida, which was assigned to Judge Jordan Emery Pratt and referred to Magistrate Judge Monte C. Richardson. *Alfonso Gonzalez v. Warden, Baker County Detention Center* et al, 3:26CV00609. At the time of this Order, that case remains pending with no disposition on the merits.

After Petitioner's transfer to a California immigration facility, Petitioner filed the present action. The briefing on this matter is now complete. (Pet.; Opp'n (ECF No. 5); Traverse (ECF No. 7).)

## DISCUSSION

### 1. Dismissal based on pending habeas petition

Respondents argue that based on the habeas petition currently pending in the Middle District of Florida, the instant Petition should be dismissed. They offer three separate bases for this dismissal: 1) the first-to-file rule, 2) limits on successive habeas actions under 28 U.S.C. § 2244(a), and 3) abuse of the writ doctrine. (Opp'n at 2.) The Court will consider each in turn.

Respondents argue that the Court should apply the first-to-file rule because there is an action with the same parties and issues in another district. They ask the Court to exercise its discretion to decline jurisdiction in order to preserve judicial

resources. (Opp'n at 2–3.) As it has in past similar cases, the Court declines to apply the first-to-file rule to the present action because "dismissing this petition on this basis would not serve the interest of efficiency and judicial economy where, as here, the petitioner is clearly entitled to relief and is subject to ongoing unlawful detention." *Urdaneta Simanca v. Andrews*, No. 1:26-cv-04995-DJC-CKD, 2026 WL 2058573, at *1 (E.D. Cal. July 16, 2026).

Second, Respondents argue that the present Petition is successive pursuant to 28 U.S.C. § 2244(a). (Opp'n at 3–4.) This argument fails on two grounds. First, "§ 2244(a) cannot apply to a § 2241 petition filed by an [immigration] detainee." *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000); *see also Carlos Z.Z. v. Chestnut*, No. 1:26-cv-02309-TLN-JDP, 2026 WL 890476, at *2 (E.D. Cal. Apr. 1, 2026). Second, Petitioner's first habeas petition was dismissed without prejudice based on ripeness and the second is currently pending. Thus, "it cannot be said that 'the legality of [Petitioner's] detention has been determined,' such that his later petition could be considered a second or successive application." *Carlos Z.Z.,* 2026 WL 890476, at *2.

Third, Respondents argue that Petitioner abuses the writ because Petitioner "presents in both Petitions *the same issues that were conclusively decided, or could have been conclusively decided*, in *Petition I*." (Opp'n at 4 (emphasis in original).) "Under the abuse of the writ doctrine, a successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain that claim." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). Here, the second exception applies. Petitioner is plainly entitled to release for the reasons identified in the Court's prior orders. *See, e.g., Prado v. Warden,* No. 1:26-cv-04738-DJC-CSK, 2026 WL 2262335, at *2 (E.D. Cal. Aug. 5, 2026); *Garcia v. Warden, Cent. Valley Annex*, No. 1:26-cv-04659-DJC-JDP, 2026 WL 2254380, at *3 (E.D. Cal. Aug. 4, 2026).

Therefore, failure to consider the Petition would result in Petitioner's continued unlawful detention and result in a fundamental miscarriage of justice.

**2. Petitioner's detention**

Petitioner states he was "released by ICE under an Order of Supervision" and that "he remained fully compliant with all conditions of supervision for years, never missed a check-in, and never absconded." (Pet. at ¶ 8.) Petitioner notes that Respondents attempted a removal to Mexico and have presented Petitioner with notice of their attempts to remove him to Mexico, which he has declined to sign. (*Id.* at ¶ 11.) Given these uncontested facts, this case is materially indistinguishable from the Court's prior decisions in *Llopiz Estrada v. Warden,* No. 1:26-cv-04120-DJC-SCR, 2026 WL 2192272, at *1 (E.D. Cal. July 29, 2026); *Garcia Lopez v. Warden, California City*, No. 1:26-cv-05318-DJC-AC, 2026 WL 2323196, at *1 (E.D. Cal. Aug. 11, 2026); *Outerino v. Warden, Mesa Verde ICE Processing Center*, No. 1:26-cv-05326-DJC-JDP, 2026 WL 2327873, at *2 (E.D. Cal. Aug. 11, 2026), which all concerned Cuban nationals previously released on an Order of Supervision and detained to effectuate removal to Mexico despite their non-consent to the removal. The Court resolves the case on the same basis and concludes that the Government did not meet its burden to show a significant likelihood that Petitioner may be removed, and that consequently, Petitioner has established that his present detention violates 8 C.F.R. § 241.13(i)(2).[1]

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.
2. Respondents are ordered to immediately release Juan Carlos Alfonso Gonzalez from their custody, under reasonable terms of supervision pursuant to 8 C.F.R. § 241.5.

[1] In so finding, the Court does not determine that it is necessarily impossible that Respondents will be unable to show a change of circumstances in the future. But it is Respondents' burden to establish a change in circumstances.

3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner without a change in circumstances to warrant Petitioner's re-detention.
4. Respondents shall file a status report within five (5) days confirming Petitioner's release.
5. The Clerk is directed to serve the California City Immigration Processing Center with a copy of this Order.
6. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **August 25, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC-10-AlfonsoGonzalez-26-cv-05404.merits